IN THE MATTER OF FREDERICK E. ALTHAUS.

[No. 474S80. Filed June 17, 1976.]

*Alban L. Smith,* of Michigan City, for respondent.

*Russell J. Dean,* of Indianapolis, for the Indiana Supreme Court Disciplinary Commission.

PER CURIAM—This is a disciplinary proceeding before this Court on the Hearing Officer's findings of fact, conclusions, and recommendations. Neither the respondent nor the Disciplinary Commission has petitioned this Court for review of these findings as is permitted by Admission and Discipline Rule 23, Section 15.

The Disciplinary Commission filed in this cause a three count complaint, averring in Count I that, in the course of distributing a client's funds, the respondent violated D.R. 9-102(A) and (B) ; in Count II, that in the course of representing a client in a dissolution case, the respondent violated D.R. 2-110(A)(2) and (3), D.R. 2-110(C)(5), D.R. 6-101(A)(3), and D.R. 7-101(A)(1),(2) and (3) ; and in Count III, that in maintaining a client's funds, the respondent vio-

lated D.R. 9-102(A) and (B), all such disciplinary rules being a part of the Code of Professional Responsibility for Attorneys at Law.

A Hearing Officer was appointed, this cause was heard, and the Hearing Officer has filed his findings of fact.

With regard to Count I, the findings of fact establish that in July, 1971, the respondent was hired by Princess Management Company to collect an amount due them by Ackerman Enterprises. This amount was collected on September 7, 1971, and respondent, through an indorsement procedure, acquiesced in by Princess, placed the collected money in his own bank account. Princess continued to bill Ackerman and the respondent acknowledged the collection of the amount owed, but did not remit to Princess the full amount due on the account until September, 1972.

With regard to Count II of the complaint, the findings establish that the respondent was employed in September, 1971, by a female client to handle a domestic relations matter; she paid the respondent a $75.00 retainer fee and $26.00 advanced filing fees. The husband of the client was an over-the-road truck driver, which made service of process difficult. The client came to respondent's office and called him many times. Respondent did not file divorce proceedings, and the client went to the LaPorte County Bar Association where she was referred to another attorney. Through the services of this second attorney, a divorce was obtained; the respondent paid to the second attorney the advanced filing fee and another unspecified sum. Although he initially advised the client that he would do so, the respondent did not repay the client the $75.00 retainer fee.

With regard to Count III of the complaint, the findings establish that in June, 1970, the respondent was designated and acted as attorney for a corporation known as Sucaba. Charles M. Williams, Gerald M. Christensen and James C. Christensen were the incorporators; the complainant, Michael

A. Fiacable, had something to do with the formation of the corporation, and Merle Shanor had some unspecified connection with the corporation. The purpose of the corporation, although not clear, was to make some kind of investments; Sucaba loaned money to its incorporators and others. The respondent was designated as a "trust officer", whose function was to make deposits and write checks on an account in a LaPorte bank designated as the Sucaba, Inc. Trust Account. In his capacity as trust officer, the respondent took his instructions from James Christensen and Merle Shanor, the latter not being an officer, director, or shareholder of the corporation. On June 3, 1970, Fiacable issued a $1,000 check to Sucaba Trust for the purchase of stock. This check was given to James Christensen for delivery to the respondent. Fiacable never received any stock. He unsuccessfully attempted to get his money back from James Christensen and Merle Shanor and then sought to get the money from the respondent. The respondent issued Fiacable a personal check for $250.00, marking said check as a loan from Sucaba and securing the loan by a note to the corporation. Respondent thereafter refused to permit Fiacable to examine the corporate records even though he was instructed by the "corporate agent" to do so. The respondent informed Fiacable that he took his instructions from James Christensen and Merle Shanor.

The Hearing Officer further found that during the time of the above mentioned incidents, the respondent was having severe alcoholic problems and severe domestic and financial problems stemming from his wife's repeated hospitalization. The respondent's wife died in February, 1973, leaving the respondent with five daughters. He has subsequently remarried, this wife being a widow with three children. The respondent is now in poor health. The Hearing Officer further found that the respondent maintains an office in Michigan and has not practiced law in Indiana since early spring, 1974. Lastly, the Hearing Officer found that the respondent has not partaken of alcoholic beverages since June, 1974.

This Court has reviewed the record of the evidence before the Hearing Officer and finds that such record sustains the foregoing findings of fact which are now accepted and adopted.

Accordingly, this Court now finds that, as to Counts I and III of the complaint, the respondent violated Disciplinary Rules 9-102(A) and (B) of the Code of Professional Responsibility for Attorneys at Law; as to Count II, the complaint should be dismissed.

Upon consideration of the acts of the respondent and the nature of the ethical violations which have been established in this case, this Court must now determine the appropriate disciplinary action to meet the gravity of respondent's misconduct under the facts of this case. We point out that Disciplinary Rules 9-102(A) and (B) establish accepted levels of professional conduct in the preservation and identity of client's funds. A transgression of these standards not only discredits the profession in general, but also draws serious question to a lawyer's professional integrity and fitness to continue the practice of law.

We are not unmindful, however, of the mitigating circumstances which have been established by the respondent. These matters have been considered by the Court in reaching this decision. Were it not for these matters, the discipline imposed in this case would have been much more severe.

With the foregoing considerations in mind, by reason of the violations of D.R. 9-102(A) and (B) under Counts I and III of the complaint filed in this cause, it is now ordered that the respondent be, and he hereby is, suspended from the practice of law in the State of Indiana for a period of not less than ninety (90) days, beginning July 1, 1976; and that he pay the costs of these disciplinary proceedings. Count II of the complaint filed in this cause is hereby dismissed.

It is further ordered that the respondent may, at any time after the 80th day of suspension, file with the Clerk of this Court his petition for reinstatement, together with the re-

ceipt of said Clerk for the payment of the aforesaid costs, and a copy of said petition and receipt with the Supreme Court Disciplinary Commission, which Commission shall file objections thereto, if any, within ten (10) days thereafter. Absent such objections, said petition will be granted without further proceedings. Otherwise, such suspension shall continue pending the further order of this Court.

NOTE.—Reported at 348 N.E.2d 407.